## LAURA HOWE *versus* BENJAMIN PERRY.

In an action of slander, evidence that the defendant was in the habit of talking much about persons and things, and that what he said was not regarded by the community as worthy of notice, and seldom occasioned remark, was *held* not to be admissible, in mitigation of damages.

THIS was an action of slander, for charging the plaintiff with a want of chastity.

At the trial, before *Putnam* J., the defendant, with a view to show that the injury which the plaintiff had sustained by the speaking of the words, was inconsiderable, offered to prove that he, the defendant, was in the habit of talking much about persons and things, and that what he said, was not regarded by the community as worthy of notice and seldom occasioned remark.

As a further reason for admitting this evidence, the defendant alleged, that the plaintiff had gone into the same kind of evidence, on the examination of a witness, named Cheney. It appeared that in the course of the trial, the counsel for the defendant inquired of Cheney, if he believed the story related by the defendant ; that this question was asked without objection ; that the witness answered, that he did not believe it, and that no rational man believed it ; that the counsel for the plaintiff asked, why, and that the witness answered, that he considered her to be chaste, and then added, " and I think Mr. Perry is a man who talks a great deal."

The evidence offered by the defendant was rejected, and the jury found a verdict for the plaintiff.

If the evidence should have been admitted, a new trial was to be granted.

*Brooks*, for the defendant.   The evidence offered by the

nefendant should have been received. The question was, what was the injury sustained by the plaintiff in consequence of the charge, and upon the determination of this question depended the amount of the damages to which the plaintiff was entitled. In actions of slander, evidence of the defendant's standing in point of property and respectability is admissible, for the purpose of enhancing the damages ; *Bodwell* v. *Osgood*, 3 Pick. 379 : and there seems to be no good reason, why the defendant should not be permitted to give evidence of his own want of influence, in order to show that what he asserted was not believed, and that therefore the plaintiff has sustained no injury. The exclusion of such evidence would give the plaintiff the opportunity of recovering more than a compensation for the injury. The object of this evidence was not to show the turpitude of the defendant, but merely that he had acquired such a reputation that little regard was paid to what he said. The introduction of evidence of the same nature by the plaintiff, is an additional reason for the admission of this evidence on the part of the defendant.

*Wells* and *Alvord*, for the plaintiff, cited *Larned* v. *Buffinton*, 3 Mass. R. 546.

WILDE J. delivered the opinion of the Court. We think *Sept. 26th.* it very clear, that the evidence offered by the defendant in mitigation of damages was rightly excluded.

The tendency of the evidence would have been, if admitted, to impeach the defendant's character for veracity, which the policy of the law does not allow. No one shall be permitted to allege or prove his own infamy. And, besides, it would be dangerous to allow such evidence to mitigate the damages.

Scandalous rumors are too likely to circulate rapidly, and extensively, so that it would be difficult to trace them to their original authors. And it would be of little consequence, whether they were persons of credit or not. The evidence, therefore, would have served rather to mislead the jury, than to furnish useful information.

It was said, that the same kind of evidence was introduced by the plaintiff; and it is true that one of the witnesses did testify, that he did not believe the story related by the de-

fendant ; and on being asked by the counsel for the plaintiff why ? answered, that he considered her to be chaste, and tha he thought the defendant was a man who talked a good deal. The question of the counsel for the plaintiff did not point to the character of the defendant, and he had a right to object to the latter part of the witness's answer. *A fortiori* might he object to similar evidence offered afterwards by the defendant.

*Judgment according to the verdict.*